FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 03, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | No. 2:18-CV-00336-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 9, 10. Attorney Kevin J. Margado represents Joseph C. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on February 10, 2015, alleging disability since August 12, 2013, due to a back injury with subsequent surgery.[2] Tr. 68. The application was denied initially and upon reconsideration. Tr. 91-93, 97-101. Administrative Law Judge (ALJ) Donna Walker held a hearing on August 14, 2017, Tr. 35-66, and issued an unfavorable decision on September 22, 2017, Tr. 19-29. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 264-68. The Appeals Council denied the request for review on August 22, 2018. Tr. 5-10. The ALJ's September 2017 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 25, 2018. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1969 and was 44 years old as of his alleged onset date. Tr. 27. In August 2013 Plaintiff had an on-the-job injury to his back when he attempted to stop a large refrigerator from falling. Tr. 283-84. He sought medical attention and had some brief periods off work over the following months, but was able to return to work. Tr. 557-60. In March 2014 he reinjured his back, and developed radiating pain down his legs. Tr. 306, 312, 550-54. Conservative treatments over the following year did not yield substantial relief, and he eventually underwent back surgery in March 2015. Tr. 309-11, 320, 432, 455, 459-62. Following the surgery, his leg symptoms largely resolved, though he continued to have some back pain. Tr. 418, 423, 484, 486, 493. Post-surgery he

---

[2] At the hearing Plaintiff amended his alleged onset date to March 23, 2014. Tr. 38.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

began to develop pain and numbing in his arms. Tr. 426, 489, 496, 546. Some providers theorized he may have sustained a brachial plexus injury during his back surgery, due to placement during the operation. Tr. 672, 721. He was eventually diagnosed with cervical spondylosis.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v.*

*Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 22, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 19-29.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 23, 2014, the alleged onset date. Tr. 21.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical degenerative disc disease with left neural foraminal stenosis, cervicalgia, and right upper extremity radicular pain; and lumbar degenerative disc disease with myelopathy, stenosis, and post-operative strains status post lumbar laminectomy at L3-4 and L4-5. Tr. 21-22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> The claimant has the ability to lift and/or carry up to 20 pounds occasionally (up to 1/3 of workday), and 10 pounds frequently (up to 2/3 of workday). The claimant has the ability to sit up to one hour at a time and up to six hours total in an eight-hour workday; and stand and/or walk up to one hour at a time and up to four hours total in an eight-hour workday. The claimant has the unlimited ability to push and/or pull, other than as stated for lift/carry. Regarding postural abilities, the claimant has the ability to occasionally balance, climb ramps or stairs, stoop (i.e., bend at the waist); kneel, or crouch (i.e., bend at the knees); but should never crawl or climb ladders, ropes, or scaffolds. Regarding use of hands, the claimant has the unlimited ability to handle (gross manipulation), finger (fine manipulation) or feel (use of skin receptors). The claimant has the unlimited ability to reach in all directions, except overhead reaching is limited to occasional. The claimant has the unlimited ability to see, hear and communicate. Regarding the environment, the claimant has no limitations regarding exposure to extreme heat, extreme cold, wetness, humidity, noise, fumes, odors, dust, gases or poor ventilation; but should avoid concentrated exposure to vibration, and to hazards, such as dangerous machinery and unprotected heights.

Tr. 23.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a telephone maintenance mechanic and electrical appliance servicer. Tr. 27.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of small parts assembler, parking lot attendant, and mail clerk. Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 23, 2014, the alleged onset date, through September 22, 2017, the date of the decision. Tr. 28.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly weighing the opinion evidence; (2) improperly assessing Plaintiff's testimony; (3) issuing an insufficient RFC; (4) stating on the record she was issuing an unfavorable decision; and (5) issuing a decision that was not supported by substantial evidence.

## DISCUSSION

### 1. Plaintiff's subjective allegations

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 9 at 10-12.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 24-25. The ALJ

found: (1) Plaintiff's allegations were not consistent with the longitudinal objective medical evidence; (2) Plaintiff's statements to his physicians and the agency varied from his testimony at hearing; (3) he failed to follow the referral to physiatry and instead sought treatment for his neck problems under his worker's compensation claim; (4) he was able to hunt from his porch; and (5) the record revealed evidence of symptom exaggeration. Tr. 25.

Plaintiff argues the ALJ took facts out of context and found inconsistencies where none existed. Defendant argues that the ALJ's references to evidence of symptom exaggeration and inconsistent statements were sufficient bases to meet the clear and convincing standard. ECF No. 10 at 2-3. The Court finds the ALJ's rationale is not supported by substantial evidence.

    a. Varying statements and hunting

An ALJ may consider a claimant's inconsistent statements in assessing the reliability of their reports. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). "While ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable 'clear and convincing' standard." *Garrision v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014).

The ALJ found Plaintiff's "statements to his physicians and to the Social Security Administration (SSA) vary from his testimony at hearing." Tr. 25. The ALJ found Plaintiff's testimony that his fingers are "always numb" contrasted with his ability to hunt, indicating the ability to pull a trigger is inconsistent with experiencing numbness in the hands. *Id.* The ALJ also found Plaintiff's admitted ability to hunt from his porch and "field dress" a deer to be inconsistent with his reports to his treating PA-C that he could only perform a little bit of household activity before being out of commission for one to two day. *Id.*

The Court finds the ALJ failed to identify any inconsistency. While Plaintiff testified that he has numbness in his fingers, he did not claim this numbness

eliminated all ability to use his fingers. Tr. 49-50. He testified he feels clumsy and drops things several times per day, but that he was still able to tend to his everyday care and sit on his porch and wait for the opportunity to hunt animals that came nearby. Tr. 49-53. The ALJ failed to identify any variation in Plaintiff's testimony that calls into question his reliability. What is more, the evidence is minimal as to what physical exertion was actually necessary for Plaintiff to hunt from his porch. He testified that he had assistance in hooking an animal up to the machinery that would hoist it, and his testimony regarding "field dressing" was minimal. Tr. 50-52. The ALJ stated field dressing requires "significant pushing and pulling with the upper extremities and significant use of the back muscles," Tr. 24, but the record contains no evidence as to what actions Plaintiff actually engaged in. The record also does not reflect how frequently Plaintiff went hunting, or how often he was actually successful in the hunt.

Furthermore, the ALJ's implication that Plaintiff's ability to hunt and field dress is inconsistent with his reports to his providers about needing recovery time after minimal activity is belied by the record. At a November 2016 physical therapy session Plaintiff reported additional soreness after having recently gone hunting. Tr. 689-90. This is consistent with his other reports of having additional pain and soreness with minimal increases in activity, and having flares of pain at times, making him less capable. Tr. 475, 486-87, 492, 518, 529, 532, 536, 537, 541, 721.

b. Course of treatment

In finding Plaintiff's allegations inconsistent with the longitudinal record, the ALJ noted "although a treating neurosurgeon referred the claimant to physiatry in November 2016, the longitudinal record reveals that the claimant did not follow this recommendation and instead focused his office visits to amend his L&I WC claim to include the cervical complaints." Tr. 25. The ALJ's citation for this statement includes the day the referral was made, and exhibits 21F (covering

Plaintiff's treatment with his primary provider, Mr. Buscher, from May 2014 through May 2017) and 22F (consisting of two independent medical exams done for his L&I claim in 2015 and 2017). Tr. 697-761, 762-790. The ALJ's implication that Plaintiff focused his office visits on his cervical problem *instead* of following the referral to physiatry for his back pain is unsupported, as Plaintiff's treatment for his cervical issues and arm pain started a year and a half before the referral was made. Tr. 418. The two factors are not related to each other, and the ALJ's logic does not comport with the order of events.

The ALJ seems to be implying that Plaintiff's allegations were less than credible because he failed to follow treatment recommendations. However, the record indicates that the November 2016 examiner recommended Plaintiff begin another round of physical therapy (Tr. 680), which he did. Tr. 683-94. The recommendation that he see Dr. Lewis for a full physiatry evaluation was in addition to this. Before making a finding that a claimant is not credible for failing to follow treatment recommendations, an ALJ must consider any reasons the claimant may not comply with treatment or seek treatment consistent with the degree of complaints, including affordability, access, and whether an individual is able to structure their daily lives to minimize symptoms.[3] Social Security Ruling 16-3p. The ALJ did not do so here.

The ALJ's rationale is not clear on this point and seems to confuse the timeline of treatment. Therefore, this cannot satisfy the clear and convincing standard.

    c. Evidence of symptom exaggeration

The ALJ found the "longitudinal record reveals evidence of symptom exaggeration," referring to an office visit with his surgeon where Plaintiff reported

---

[3] Notably, Plaintiff's treatment options have been limited at times by what was authorized by Labor & Industries. Tr. 321, 417, 455, 534, 584, 722.

back pain and symptoms on the Oswestry scale that correlated with individuals who are "bed-bound or exaggerating their symptoms." Tr. 25, 442.[4] Defendant argues that, because the record reflects Plaintiff was not bed-bound, he must have been exaggerating his symptoms. ECF No. 10 at 3.

The Court finds the ALJ's conclusion to be unsupported by substantial evidence. That day was the only time in the record when Plaintiff's reported symptoms on the Oswestry scale reached such a high level. Tr. 309, 416, 418, 423, 428, 446, 450, 459, 499. Plaintiff's treating surgeon expressed no concerns regarding exaggeration, and indeed noted a month earlier that Plaintiff was "essentially miserable." Tr. 449. The supposedly exaggerated rating came only a month prior to Plaintiff's multilevel laminectomy, which had been denied for the previous five months. Tr. 442, 455, 655. Following surgery, Plaintiff reported some relief of his symptoms and a decrease in his Oswestry ratings. Tr. 428, 499. This single instance of a high report of pain and symptoms does not constitute "longitudinal" evidence of symptom exaggeration.

      d. Objective evidence

To the extent the ALJ indicates Plaintiff's allegations are not supported by the objective evidence, this alone is an insufficient basis upon which to reject his statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, the lack of objective findings is not a sufficient rationale.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

---

[4] For an example of the Oswestry Low Back Pain Scale questions and scoring, see Tr. 442.

## 2. Medical opinion evidence

Plaintiff argues the ALJ erred in her evaluation of the medical opinion evidence, specifically in improperly rejecting the treating physician's assistant opinion, giving undue weight to the medical expert at hearing, and failing to address the 2017 independent medical exam panel opinion. ECF No. 9 at 6-9.

### a. Chris Buscher, PA-C

Plaintiff asserts the ALJ erred in giving limited weight to the work release forms completed by Plaintiff's primary care provider, Chris Buscher, PA-C. ECF No. 9 at 7-8.

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Mr. Buscher completed a number of work capacity forms for Plaintiff's worker's compensation claim (known as Activities Prescription Forms, or APFs). Tr. 586, 699, 712, 716, 720, 724, 739, 746, 757, 758. Each form indicated Plaintiff's functional capacity and stated that Plaintiff was not released to any work, other than one form that released Plaintiff to four hours of work per day. *Id.*; Tr. 746. The ALJ gave these forms limited weight, noting Mr. Buscher opined a "wide variability" in Plaintiff's ability to work, with inconsistencies. Tr. 26-27. The ALJ further noted that all of the opinions were for a limited duration, other than one that did not include limitations greater than those set out in the RFC. *Id.*

While the ALJ is correct that Mr. Buscher offered varying functional limitations, the ALJ failed to acknowledge that every form indicated Plaintiff was not released to any work, or was only released to four hours of work per day. Similarly, while most of the individual opinions only covered a few weeks or months at a time, they collectively span nearly three years. When combined with other treating providers' APF forms and considered in context of Plaintiff's ongoing receipt of worker's compensation benefits, the limited duration of each

individual form is not a germane reason to disregard the opinion that Plaintiff was unable to work.

As this claim is being remanded for reconsideration of Plaintiff's subjective reports, the ALJ will also reconsider Mr. Buscher's opinions regarding Plaintiff's ability to work over the duration of this claim.

b. Dr. Thompson, hearing medical expert

Plaintiff argues the ALJ should not have given great weight to Dr. Thompson's opinion, arguing several factors indicate it was worthy of lesser weight. ECF No. 9 at 8-9.

Dr. Thompson testified as a medical expert at the hearing. Tr. 41-47. He testified Plaintiff was capable of a modified range of light work. *Id.* The ALJ gave great weight to most of Dr. Thompson's opinion, but noted a few limitations that were either too extreme or not limiting enough, based on the ALJ's assessment of the file. Tr. 25-26.

Plaintiff fails to assign any specific error to the ALJ's analysis, simply arguing for a different weighing of the evidence. ECF No. 9 at 8-9. "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The Court finds no error in the ALJ's discussion of Dr. Thompson's opinion. However, as this claim is being remanded for further proceedings, the ALJ shall reweigh the entire record in formulating the RFC.

c. Drs. Brait and Lee, independent medical examiners

Plaintiff argues the ALJ erred in failing to consider the independent panel opinion from Dr. Brait and Dr. Lee. ECF No. 9 at 9. Dr. Brait and Dr. Lee performed an independent exam for Plaintiff's worker's compensation claim. Tr. 762-71. They reviewed the longitudinal record and concluded Plaintiff had no work restrictions relative to his work-related injury. Tr. 768. The ALJ's failure to

discuss this opinion and assign it weight was harmless with respect to the formulation of the RFC, as it did not prejudice Plaintiff in any way. *Ludwig v. Astrue*, 681 F.3d 1047 (9th Cir. 2012); *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012).

### 3. ALJ's statements at the hearing

Plaintiff argues the ALJ erred by stating at the hearing that she was issuing an unfavorable decision. ECF No. 9 at 14-15.

At the beginning of the hearing the ALJ noted that, due to the lengthy timelines involved with the proceedings, she would be letting Plaintiff know at the end how she was deciding his case. Tr. 39. Following all testimony, the ALJ stated:

> I've reviewed your record carefully and I've listened to the testimony of the doctor and the federal disability program is different than state workers' comp, it's not a state program, it's not like other state programs that are available, and based on the evidence that I have, it doesn't support a finding under federal law of disabled, so I'm not going to be able to issue a favorable decision in your case.

Tr. 64.

Plaintiff asserts this shows the ALJ failed to consider Plaintiff's testimony or adequately scrutinize the medical expert testimony. ECF No. 9 at 14-15. He further argues that the ALJ's statements show prejudice that affects the outcome of the proceedings and could prejudice future proceedings, and thus requests that if the claim is remanded, it be assigned to a different ALJ. *Id.*

The Court finds no error in the ALJ's statements. While the ALJ indicated how she intended to decide the case, her formal decision was the written decision issued a month and a half later. The written decision makes clear the ALJ evaluated Plaintiff's testimony, comparing it with the medical and other evidence.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 13

Tr. 23-24. She also evaluated the testimony of the medical expert, offering a sufficient rationale for the weight assigned. *See supra.*

**4.     Residual errors**

Plaintiff argues the ALJ's errors in evaluating the subjective symptom testimony and the medical opinion evidence resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 9 at 12-13, 15-16. Considering the case is being remanded for the ALJ to properly address the medical opinion evidence and Plaintiff's subjective symptom testimony, the ALJ will be required to make new findings regarding the residual functional capacity and make a new step five determination.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints, reassess the medical evidence, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED February 3, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE